## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

Joseph Childs, individually and
on behalf of all other similarly situated                Case No. 1:13-cv-1229
individuals,
               Plaintiff,

v.

QIAGEN, Inc.,

               Defendant.

_____

      Plaintiff Joseph Childs ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his attorneys, Nichols Kaster, PLLP and Preston & Brar LLC,  brings this action against QIAGEN, Inc. ("Defendant") for damages and other relief relating to violations of the Fair Labor Standards Act, and the New York Labor Law and its accompanying regulations.

### JURISDICTION AND VENUE

      1.     This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"); and supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiff's state law claims.

      2.     Venue is proper in the United States District Court for the Western District of New York pursuant to 28 U.S.C. § 1391 because Defendant operates in this district and because a substantial part of the events giving rise to the claims occurred in this district.

### PARTIES

      3.     Defendant QIAGEN, Inc. is a California corporation with a principal place of business located at 19300 Germantown Road, Germantown, Maryland.

      4.     Defendant is a provider of sample and assay technologies for molecular

diagonostics, applied testing, and academic and pharmaceutical research.  It sells its products to molecular diagnostics laboratories, academic research markets, pharmaceutical and biotechnology companies, and customers in applied testing markets located all over the country, including those in the Western District of New York.

5.      Defendant operates in interstate commerce by, among other things, manufacturing and distributing its products to customers in multiple states, including customers in the Western District of New York.

6.      Upon information and belief, Defendant's gross annual sales made or business done has been in excess of $500,000 at all relevant times.

7.      At all relevevant times, Defendant is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

8.      Plaintiff Joseph Childs is an adult resident of Grand Island, New York.

9.      Plaintiff Childs worked for Defendant as an instrument service specialist from approximately April 2007 to June 2012.

10.     Plaintiff Childs was assigned a territory that primarily covered the northeastern United States during his employment.  During this time period, he performed work for Defendant in various states including New York.

11.     Plaintiff also performed work for Defendant out of his home office in Grand Island, New York.

12.     Plaintiff brings this action on behalf of himself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b).  Plaintiff and the similarly situated individuals were, or are, employed by Defendant as instrument service specialists, field service specialists, or other

job titles performing similar duties, across the country during the applicable statutory period.

13.     Plaintiff and all others similarly situated are current and former employees of Defendant within the meaning of the FLSA and were employed by Defendant within three years of the date this Complaint was filed.  See 29 U.S.C. § 255(a).

14.     Plaintiff also brings an individual claim to remedy Defendant's violations of the New York Labor Law, Article 19 § 650, *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 (together, "NYLL").

## FACTUAL ALLEGATIONS

15.     At all times relevant herein, Defendant operated a willful scheme to deprive its instrument service specialists, field service specialists, and other titles performing similar duties, of overtime compensation.

16.     Plaintiff, and the similarly situated, are individuals who were, or are employed by Defendant as instrument service specialists, field service specialists, or other job titles performing similar duties.  In these positions, their primary job duty was or is non-exempt work; installing, repairing, troubleshooting, servicing (which included ongoing customer support), and maintaining testing devices and equipment manufactured by Defendant.

17.     Plaintiff and the similarly situated individuals were or are paid a salary with no overtime pay.

18.     Defendant suffered and permitted Plaintiff and the similarly situated individuals to work more than forty (40) hours per week without overtime pay.

19.     Defendant classified Plaintiff and the similarly situated individuals as exempt from overtime compensation.

20.     Defendant was aware, or should have been aware, that Plaintiff and the similarly situated individuals performed non-exempt work that required payment of overtime compensation.  For instance, Defendant knew that Plaintiff and the similarly situated individuals worked overtime hours because Defendant assigned Plaintiff his work and required Plaintiff to work long hours to complete all of his job responsibilities.

21.     Defendant was also aware of Plaintiff's and the similarly situated employees' work hours because Defendant required them to submit service reports/work orders, which reflected the employees' travel and labor hours for jobs they completed.

22.     Further, Plaintiff and other similarly situated employees complained to management about the fact that they were working overtime hours and not being properly compensated for those hours.  Specifically, Plaintiff and his coworkers complained to Defendant in annual meetings and conference calls about not being paid overtime compensation.

23.     Defendant did not keep accurate records of all of the hours worked by Plaintiff and the similarly situated individuals.

## COLLECTIVE ACTION ALLEGATIONS

24.     Plaintiff, on behalf of himself and all similarly situated individuals, restates and incorporates by reference the above paragraphs as if fully set forth herein.

25.     Plaintiff files this action on behalf of himself and all similarly situated individuals.  The proposed FLSA Collective class is defined as follows:

> All persons who worked as instrument service specialists, field service specialists (or other job titles performing similar duties) for Qiagen, Inc. at any time since three years prior to the filing of this Complaint.

26.     Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b).  Plaintiff's signed consent form is attached as Exhibit A.

27.     Additional consent forms from similarly situated employees are attached as Exhibit B.  As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

28.     During the applicable statutory period, Plaintiffs and the FLSA Collective routinely worked in excess of forty (40) hours per workweek without receiving overtime compensation for their overtime hours worked.

29.     Upon information and belief, Defendant failed to preserve records relating to Plaintiff's and the similarly situated individuals' work hours as required by 29 C.F.R. § 516.2.

30.     Defendant willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 *et seq.*, as described in this Complaint in ways including, but not limited to, failing to pay its employees overtime compensation.

31.     Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

32.     Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the similarly situated individuals.  Accordingly, notice should be sent to the FLSA Collective.  There are numerous similarly situated current and former employees of Defendant who have suffered from the Defendant's practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant, and are readily identifiable through Defendant's records.

## CAUSES OF ACTION

### COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT

#### FAILURE TO PAY OVERTIME

**(on behalf of Plaintiff and the FLSA Collective)**

33.     Plaintiff, on behalf of himself and all similarly situated individuals, restates and incorporates by reference the above paragraphs as if fully set forth herein.

34.     The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

35.     Defendant suffered and permitted Plaintiff and the FLSA Collective to routinely work more than forty (40) hours per week without overtime compensation.

36.     Defendant's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the FLSA Collective at the required overtime rate.

37.     Defendant knew, or showed reckless disregard for the fact, that it failed to pay these individuals overtime compensation in violation of the FLSA.

38.     As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages.  Plaintiff and the FLSA Collective are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

39.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Collective, Defendant has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

40.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Defendant knew, or showed reckless disregard for the fact that its compensation practices were in violation of these laws.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and those similarly situated, prays for judgment against Defendant as follows:

A.   Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;

B.   Judgment that Plaintiff and those similarly situated are non-exempt employees entitled to protection under the FLSA;

C.   Judgment against Defendant for violation of the overtime provisions of the FLSA;

D.   Judgment that Defendant's violations of the FLSA were willful;

E.   An award to Plaintiff and those similarly situated for the amount of unpaid wages owed and liquidated damages;

F.   An award of prejudgment interest (to the extent liquidated damages are not awarded);

G.   An award of reasonable attorneys' fees and costs;

H.   Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

I.   For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of himself and all simliarly situated individuals, demands a trial by jury.

DATED: December 27, 2013

_____*s/Paul J. Lukas*_____
NICHOLS KASTER, PLLP

7

Paul J. Lukas, NY Bar No. 4522207
Rachhana T. Srey, MN Bar No. 340133*
4600 IDS Center
80 South 8th Street
Minneapolis, MN  55402
Telephone: (612) 256-3200
lukas@nka.com
srey@nka.com

PRESTON & BRAR LLC
Jesse S. Brar, UT Bar No. 9469*
670 E3900 South, Ste 101
Salt Lake City, UT 84107
Telephone:  (801) 269-9541
jesse@prestonbrar.com

*Pro Hac Vice Motion forthcoming

Attorneys For Plaintiff and the Similarly Situated